JAM
F.#2021R01110

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-                                      <u>STIPULATION & PROTECTIVE ORDER</u>

YEVGENIY GRININ et al.,                    22-CR-409 (S-2) (HG)

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.      All material and information disclosed or produced pursuant to Rule 16 or 26.2 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), to the defendant (the "Defendant"), and the Defendant's counsel ("Defense Counsel"), by the government in the above-captioned case and designated as "Sensitive" or "Attorney's Eyes Only" (hereinafter, the "Protected Discovery Materials") shall be governed by this protective order (the "Protective Order").

        2.      Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government that good cause exists for such designation and that such materials contain: identifying information for any victim; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement

investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order. For purposes of this Protective Order, a potential witness's name and other personally identifying information, and the statements of that potential witness, are presumed non-sensitive absent good cause to believe otherwise. To the extent the parties do not agree, either party may make an application to the Court and regarding why the material should or should not be treated as Sensitive Discovery Material. The Defendant shall treat this material as Sensitive Discovery Material pending any determination by the Court.

3. Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government that designation as Sensitive Discovery Material provides insufficient protection to such materials. To the extent the parties do not agree, either party may make an application to the Court regarding why the material should or should not be treated as Attorneys' Eyes Only Material. Defense Counsel shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

4. Protected Discovery Materials (designated as "Sensitive Materials," "Attorney's Eyes Only,") and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Protected Discovery Materials, may be used by the Defendant, Defense Counsel and Defense Staff (which is defined as non-lawyer staff or contract-staff employed or retained by Defense Counsel, as well as expert witnesses, investigators and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial

and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

5. Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on the document or by otherwise indicating to Defense Counsel the appropriate designation of the specific material or information. Designation of categories or types of information as Sensitive Discovery Material or Attorney's Eyes Only Material is insufficient. While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. If a document and/or attachment are produced electronically this presumption only applies if the entire document and/or attachment are contained within a single file. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the specific media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive or Sensitive-Attorneys' Eyes Only material. Any such designation on electronic media must specifically reference the material. Blanket designations of Confidential, Sensitive, Attorney Eyes Only, or similar flags, absent specific identification of file names or identifiable folders, are insufficient to invoke this Protective Order.

6. Except as otherwise provided in this Protective Order, any and all Protected Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or

discussed by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities except potential witnesses as necessary to prepare a defense.

7.  If the Defendant obtains substitute counsel, the Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Protected Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Protected Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government.

8.  The Defendant may review Protected Discovery Materials specifically identified by the government as sensitive discovery material (the "Sensitive Discovery Material"), only in the presence of Defense Counsel or Defense Staff.  The Defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material. For purposes of this provision, the Defendant may review such Sensitive Discovery Materials via a screen share hosted and attended by Defense Counsel or Defense Staff using Zoom, Microsoft Teams, or a similar video conferencing platform.

9.  The Defendant, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than defense counsel and defense counsel's staff.

10.  Defense Counsel may only share the Sensitive Discovery Material with a potential witness and/or a potential witness's counsel, in the presence of Defense Counsel or Defense Staff.

11. All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as designated Sensitive Discovery Material with the additional limitations discussed in paragraph 12 below.

12. Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively. Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the Defendant. Attorneys' Eyes Only Material may be shared with the Defendant under the constraints applicable to Sensitive Discovery Materials at least four weeks before pre-trial motions are due, unless the government shows good cause why it should not be shared only two weeks before pre-trial motions are due. If the government and Defense Counsel are not able to reach agreement on the sharing of Attorneys' Eyes Only Materials, the government and Defense Counsel may seek intervention from the Court.

13. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery or preclude the Defendant from challenging the entry of any such further protective order.

14. The Defendant and Defense Counsel will return to the government the Protected Discovery Material and all copies thereof, whether in the possession of the Defendant, Defense Counsel, Defense Staff or any other signatory to Attachment A to this Protective Order, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

15. Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. This Protective Order applies only to unclassified sensitive discovery material. Nothing in this Protective Order shall alter or control the handling of any classified material pursuant to the Classified Information Procedures Act and any applicable rules and regulations.

Dated:       Brooklyn, New York

                                      BREON PEACE
                                      United States Attorney
                                      Eastern District of New York

By: /s/ Artie McConnell
    Artie McConnell
    Assistant United States Attorney

Date: June 30, 2023

By: /s/ Nora Hirozawa
Nora Hirozawa, Esq.
Attorney for Defendant Vadim Yermolenko

Date: June 30, 2023

By: /s/ David G. Lazarus
David G. Lazarus, Esq.
Attorney for Defendant Alexey Brayman

Date: June 30, 2023

By: /s/ Earl A. Kirkland III
Earl Alexander Kirkland, III, Esq.
Attorney for Defendant Vadim Yermolenko

Date: June 30, 2023

/s/ Michael K. Fee
Michael K. Fee, Esq.
Attorney for Defendant Alexey Brayman

Date: June 30, 2023

**SO ORDERED** on this 30th day of June, 2023,

/s/ Hector Gonzalez
_____
**HECTOR GONZALEZ
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK**