

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM
F. #2021R01110

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 14, 2023

<u>By ECF</u>

David G. Lazarus, Esq., *Attorney for Alexey Brayman*
Michael K. Fee, Esq., *Attorney for Alexey Brayman*
Nora Hirozawa, Esq., *Attorney for Vadim Yermolenko*
Earl Alexander Kirkland, III, Esq., *Attorney for Vadim Yermolenko*

> Re:  United States v. Yevgeniy Grinin et al.
> <u>Criminal Docket No. 22-409 (S-2) (HG)</u>

Dear Counsel:

Enclosed please find the government's first discovery production in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  Note that some of the items have been marked as "Sensitive Discovery" under the terms of the June 30, 2023 Protective Order, ECF Docket No. 61.  The government also requests reciprocal discovery from the defendant.

Specifically, the government is providing items Bates numbered 1-494, which include:

- search warrants and related materials, Bates numbered 1-383;
- screen capture of the Serniya website
- Automated Export System and Electronic Export Information, Bates numbered 385-388;
- financial documents and related email correspondence, Bates numbered 389-448;
- Department of Commerce memoranda, Bates numbered 449-494;

Additionally, to defendant Alexey Brayman, the government is providing items Bates numbered AB 1-40, which include emails and text messages; images of electronic devices; and other selected items.  To defendant Vadim Yermolenko, the government is providing items Bates numbered VY 1-78, which include emails and text messages; images of electronic devices; financial records; a copy of the defendant's recorded post-arrest interview; and other selected items.  Note that any draft translations included with the production are in draft form, are limited to trial preparation for this case, and are governed by the parties' June 28, 2023 stipulation.

You may examine any physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

As with all discovery materials provided by the government that contain personal identifying information regarding specific individuals and uncharged third parties, any filings pertaining to discovery materials must comply with Rule 49.1(a) and other applicable law

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

By:   /s/ Artie McConnell
Artie McConnell
Assistant U.S. Attorney
(718) 254-7150

cc:    Clerk of the Court (HG) (by ECF) (without enclosures)